208 N.J. Super. 542 (1986)
506 A.2d 751
FRANK'S CHICKEN HOUSE, INC., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF MANVILLE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, COUNTY OF SOMERSET, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1985.
Decided March 7, 1986.
*544 Before Judges DREIER and GRUCCIO.
Brian J. Molloy argued the cause for appellant (Wilentz, Goldman & Spitzer, attorneys; Brian J. Molloy, on the brief).
Russel B. Teschon argued the cause for respondent (Russel B. Teschon, attorney; Brian J. Teschon, on the brief).
The opinion of the court was delivered by GRUCCIO, J.S.C. (temporarily assigned).
Plaintiff appeals, as insufficient, counsel fees awarded it pursuant to 42 U.S.C.A. § 1988 following its successful challenge of an ordinance prohibiting live nude dancing in the Borough of Manville. Defendant cross appeals from any award of an attorney's fee, and argues alternatively that the amount fixed below is adequate.
Plaintiff based its challenge to the ordinance upon both an alleged violation of 42 U.S.C.A. § 1983 and the preemption of the ordinance's subject matter by the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1, et seq. Plaintiff also claimed that the ordinance was arbitrary, capricious and ultra vires. The ordinance was invalidated by the trial judge as violative of plaintiff's First Amendment rights under the United States Constitution. He did not rule upon the preemption issue or other issues raised.
Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988, plaintiff submitted a certification of services seeking fees totaling $12,266.66. The judge below correctly acknowledged that an award of attorney's fees was appropriate under the Awards Act. Denying counsel's request for oral argument, he issued a letter decision awarding $2000 but failed to disclose how he reached his determination. It was clear, however, that the judge did not consider the applicable *545 decisional law which allows an attorney full compensation for services performed in representing a client on a civil rights matter before a municipal or administrative body. Bonner v. Coughlin, 657 F.2d 931, 937 (7th Cir.1981); Sullivan v. Comm. of Pa., Dept. of Labor, 663 F.2d 443 (3rd Cir.1981); Bung's Bar & Grille, Inc. v. Florence Tp. Council, 206 N.J. Super. 432 (Law Div. 1985); Council Enterprises, Inc. v. Atlantic City, 200 N.J. Super. 431, 437 (Law Div. 1984).
In awarding attorney's fees the New Jersey courts have applied the federal standard. Carmel v. Hillsdale, 178 N.J. Super. 185, 189 (App.Div. 1981); Ramirez v. Hudson County, 169 N.J. Super. 455, 457-458 (Ch.Div. 1979). Although the Awards Act gives the court discretion in awarding attorney's fees, fees should be liberally granted. Id. at 459 Moreover, courts are not free to deny fees to prevailing plaintiffs unless special circumstances would make the award unjust. Jones v. Orange Housing Authority, 559 F. Supp. 1379, 1383 (D.N.J. 1983). Thus the prevailing party should normally recover attorney fees. Carmel, 178 N.J. Super. at 189 If a court determines the fee awarded should be less than the fee requested, the reasons must be articulated and supported by the record. Poston v. Fox, 577 F. Supp. 915, 918 (D.N.J. 1984).
The legislative purpose of § 1988 is to encourage and enable private litigants to challenge intrusions upon their civil rights. A prevailing civil-rights plaintiff acts as a private attorney general "vindicating a policy that Congress considered of the highest priority." Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 88 S.Ct. 964, 966, 19 L.Ed 2d 1263, 1265 (1968).
In the present case, plaintiff's First Amendment rights were blatantly violated. Live nude dancing is protected by the First Amendment. Schad v. Borough of Mount Ephraim, 452 U.S. 61, 66, 101 S.Ct. 2176, 2181, 68 L.Ed.2d 671, 678 (1981). The ordinance threatened plaintiff's commercial existence and subjected its owner to criminal sanctions including fines and imprisonment. In order to defend the ordinance and to apply it to plaintiff, defendant engaged a sociologist, a private investigator *546 and a special attorney. Its attorney received a retainer of $5000 and a fee of $70 per hour. To counter this well-financed assault it was necessary for plaintiff to obtain counsel to protect its constitutional rights.
The threshold question in awarding attorney's fees is whether the plaintiff was the "prevailing" party. A plaintiff is considered "prevailing" if he is successful on any significant issue which benefits the party bringing the suit. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983). In the present case, plaintiff clearly was the prevailing party. The ordinance in question was enacted in reaction to the opening of plaintiff's business and was declared unconstitutional. Companion litigation concerning zoning regulations in no way affected plaintiff's status as a prevailing party. Thus, we reject defendant's counterclaim that plaintiff is not entitled to an award of counsel fees pursuant to Section 1988.
We next consider what constitutes a reasonable fee. There is little legislative history in the Awards Act defining a reasonable award. Twelve factors have been identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 716-719 (5th Cir.1974), in determining the reasonableness of fees under Section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k). These factors as reiterated by the Supreme Court in Singer v. State, 95 N.J. 487 (1984), are as follows:
(1) the time and labor expended by counsel; (2) the novelty and difficulty of the questions presented in the case; (3) the attorney's skill; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount of money involved in the claim; (9) the experience, ability and reputation of counsel; (10) the undesirability of being associated with the cause; (11) the length of the attorney's professional relationship with the client; and (12) awards in similar cases. Id. at 498-499 See also Model Code of Professional Responsibility, DR2-106 (1971), N.J.Rules of Professional Conduct, RPC 1.5 (1984).
The utilization of lists of factors in awarding attorney fees has been criticized as being too burdensome to apply. City of *547 Detroit v. Grinnell Corp., 495 F.2d 448, 470 (2d Cir.1974). In Singer v. State, 95 N.J. 487 (1984), Justice Handler suggested the following alternative approach:
Generally, a simpler and more straightforward approach in determining the reasonableness of attorneys' fees has evolved that has met with the approval of an apparent majority of jurisdictions. The most useful starting point for determining the amount of a reasonable fee, noted by the Supreme Court itself, Hensley v. Eckerhart, supra, [461] U.S. [424] at [433], 103 S.Ct. [1933] at 1939, 76 L.Ed.2d [40] at 50, is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This arithmetic result or "lodestar" may then be adjusted upward or downward to reflect any of those factors articulated in Johnson v. Georgia Highway Express, Inc., supra, and any other considerations that are deemed relevant by the court in the exercise of its sound discretion in light of the objectives of the Awards Act. [Id. at 499; Citation omitted]
Although the court in Hensley noted that the factors identified in Johnson will often be "subsumed" in the "lodestar" calculation, Hensley, 461 U.S. at 434, n. 9, 103 S.Ct. at 1940, n. 9, several of the factors are applicable to the present case. In reference to factor number 7, the Johnson court said "priority work that delays the lawyer's other legal work is entitled to some premium". Johnson, 488 F.2d at 718. In the present case, Manville's passage of the ordinance required plaintiff to seek immediate relief. Its attorney had to prepare a complaint, order to show cause, supporting brief and a temporary restraining order within a few days. Also, factor number 10 is relevant since the representation of plaintiff certainly may be considered "undesirable." Counsel took a socially unpopular position in order to vindicate constitutionally protected rights. The most important factor is the success of plaintiff. Singer, 95 N.J. at 499 In the present case, plaintiff was totally successful in litigating the First Amendment issue.
Although the trial court has discretion in determining the amount of the fee to award, it is necessary for it to provide concise reasons for its award. The court must indicate "that it has considered the relationship between the amount of the fee awarded and the results obtained." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. In Hensley the court indicated that when excellent results were obtained the attorney should receive "... *548 a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." Id. at 435, 103 S.Ct. at 1940.
Here, plaintiff obtained excellent results. Counsel carefully maintained separate records concerning time spent on unrelated matters. Therefore, there is no problem in determining the time spent on the litigation. Counsel submitted a detailed certification of services for the dates, times and billing rates for all legal services rendered. The rate charged for the services of the attorney, who had prior experience in civil rights matters of this type, was $95 per hour. The attorney who assisted charged $65 per hour. "Reasonable fees" are to be determined by the prevailing market rates in the relevant community. Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). The fees charged were certainly within the prevailing rate. Nor does Manville challenge either the number of hours worked or the hourly rate.
In conclusion, the award of $2000 is reversed. The matter is remanded for a determination of reasonable fee in accordance with the guidelines set forth in this opinion. We do not retain jurisdiction.