241 N.J. Super. 572 (1990)
575 A.2d 885
MORIE ENERGY MANAGEMENT, INC., PLAINTIFF-APPELLANT,
v.
JOSEPH BADAME, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 5, 1990.
Decided June 18, 1990.
*574 Before Judges MUIR, Jr. and SKILLMAN.
Buonadonna & Benson, attorneys for appellant (Alan G. Giebner, on the brief).
Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, attorneys for respondent (Gerard W. Quinn, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
The issue presented by this appeal is whether a contractor awarded a competitively bid public contract which is subsequently set aside because the specifications were illegal may seek money damages from the contracting agency's consulting architect for his negligence in preparing the specifications.
In connection with renovations to the heating and air conditioning in one of its buildings, the Cape May Housing Authority (the Authority) decided to seek competitive bids for a "facilities management control system." The original specifications for this system, which were prepared by Jay Morie, a principal of plaintiff Morie Energy Management, Inc. (Morie), required bidders *575 to provide a system called a "Detection Systems, Inc. D.S. 8000." Morie is the sole distributor of this product in New Jersey. The specifications prepared by Morie further provided that:
[t]he use of manufacturers' specifications is to be considered informative to give the bidder information as to the type and kind requested. Proposal on any reputable manufacturer regularly produced facility management systems products which are equivalent will be considered.
However, based upon the recommendation of its consulting architect, defendant Joseph Badame, the Authority subsequently deleted this provision from its bid proposal. Consequently, bidders for the facilities management control system were required to provide the Detection Systems, Inc. D.S. 8000. Only Morie and one other contractor submitted bids and Morie was the low bidder. The unsuccessful bidder filed suit seeking to vacate the award on the ground that the specifications failed to provide for the use of the equivalent of the Detection System, Inc. D.S. 8000 on the project. The trial court in that suit concluded that the brand name limitation in the specifications violated N.J.S.A. 40A:11-13 and therefore vacated the award to Morie. The contract was subsequently rebid, resulting in an award to another contractor.
Morie then filed this suit against Badame seeking damages for its litigation expenses in the prior lawsuit, its expenses in submitting a new bid, and its lost profits as a result of the award of the contract to another contractor. The trial court granted partial summary judgment in favor of Badame, dismissing the part of the complaint seeking damages for lost profits on the ground that it was barred by considerations of public policy. The parties subsequently resolved Morie's claims for litigation expenses and the costs of rebidding.[1]
*576 Plaintiff appeals from the partial summary judgment dismissing its claim for lost profits. We affirm.
The recognition of a cause of action in negligence involves a "value judgment, based on an analysis of public policy, that the actor owed the injured party a duty of reasonable care." Kelly v. Gwinnell, 96 N.J. 538, 544, 476 A.2d 1219 (1984); see also Shackil v. Lederle Laboratories, 116 N.J. 155, 177, 561 A.2d 511 (1989). This value judgment requires "a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." Goldberg v. Housing Auth. of Newark, 38 N.J. 578, 583, 186 A.2d 291 (1962); accord Weinberg v. Dinger, 106 N.J. 469, 485, 524 A.2d 366 (1987).
The public interest in awarding public contracts by competitive bidding is "to secure competition and to guard against favoritism, improvidence, extravagance and corruption." Hillside Tp. v. Sternin, 25 N.J. 317, 322, 136 A.2d 265 (1957). Consequently, whatever rights a bidder may have in the process are "conferred ... to the end that the public will obtain all that is due it in the procurement process, rather than for [the bidder's] individual aggrandizement." Trap Rock Industries v. Kohl, 59 N.J. 471, 480, 284 A.2d 161 (1971).
Morie seeks to recover money damages predicated upon its successful bid for a public contract containing specifications subsequently found to violate N.J.S.A. 40A:11-13. This section of the Local Public Contracts Law provides in pertinent part that:
[a]ny specifications for an acquisition under this act, whether by purchase, contract or agreement, shall be drafted in a manner to encourage free, open and competitive bidding. In particular, no specifications under this act may:
....

*577 (d) Require, with regard to any purchase, contract or agreement, the furnishing of any "brand name," but may in all cases require "brand name or equivalent." [N.J.S.A. 40A:11-13(d)].
This prohibition against specifications requiring the use of a particular manufacturer's brand is obviously designed to serve the overriding legislative policy of awarding public contracts through competitive bidding "to secure competition and to guard against favoritism, improvidence, extravagance and corruption." Hillside Tp. v. Sternin, supra, 25 N.J. at 322, 136 A.2d 265.
It is clear that Morie could not seek damages against the Authority based upon the illegality of the specifications in its bid proposal. "Submission of the lowest bid in answer to an advertisement for bids ... for public work cannot be the basis of a claim for damages based upon the failure or refusal to accept such bid." Commercial Cleaning Corp. v. Sullivan, 47 N.J. 539, 546, 222 A.2d 4 (1966). Indeed, even a contractor which submits a conforming bid that the contracting agency improperly rejects may not maintain an action for damages against the agency. M.A. Stephens Construction Co. v. Borough of Rumson, 125 N.J. Super. 67, 308 A.2d 380 (App.Div. 1973), certif. den. 64 N.J. 315, 315 A.2d 404 (1973). It follows a fortiori that a contractor which has been improperly awarded a public contract based on illegal specifications may not seek damages against the contracting agency. The question before us is whether such a contractor should nevertheless be allowed to seek damages from a consultant to the contracting agency.
The overriding public policy involved here is the promotion of competitive bidding. Illegal specifications which favor a particular bidder are inconsistent with that policy. And illegal specifications are more likely to be discovered and eliminated if prospective bidders are encouraged to review specifications carefully and to bring any possible illegalities to the attention of the contracting agency. However, there would be no incentive for a bidder to notify the contracting agency of a possible illegality in the specifications if the bidder were aware *578 that it could recover damages from a third party for its losses in the event it was awarded the contract but a court subsequently set aside that award. Consequently, we conclude that recognition of a cause of action in favor of a bidder against a professional who negligently prepares illegal specifications for a public contract would be inconsistent with the public interest in promoting competitive bidding.[2]
Affirmed.
NOTES
[1] The Authority paid Morie $15,000, representing the value of the work performed by Morie before the contract was set aside. This appeal does not present any issue as to Morie's entitlement to that payment. See Manning Engineering, Inc. v. Hudson County Park Comm'n, 74 N.J. 113, 138-142, 376 A.2d 1194 (1977); Annot., Right of Municipal Corporation to Recover Back from Contractor Payments Made Under Contract Violating Competitive Bidding Statute, 33 A.L.R. 3rd 397 (1970).
[2] This conclusion is consistent with Conforti & Eisele v. John C. Morris Associates, 175 N.J. Super. 341, 418 A.2d 1290 (Law Div. 1980), aff'd o.b. 199 N.J. Super. 498, 500, 489 A.2d 1233 (App.Div. 1985), which held that a contractor awarded a public contract may maintain a tort action for damages resulting from the negligence of a professional who has prepared plans for the contracting agency. See also R.J. Longo Construction Co. v. Schragger, 218 N.J. Super. 206, 527 A.2d 480 (App.Div. 1987). Since the contract involved in Conforti & Eisele was legal, a tort action against the professional who prepared the plans could not undermine the public interests which the state's bidding laws are designed to protect.