268 N.J. Super. 310 (1993)
633 A.2d 581
FERIOZZI COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND CONCETTA FERIOZZI, PLAINTIFFS,
v.
THE CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION AND BODY POLITIC OF THE STATE OF NEW JERSEY, AND CJM ASSOCIATES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided July 15, 1993.
*311 Philip J. Perskie for plaintiffs (Perskie & Nehmad, attorneys).
*312 Paul J. Gallagher, for defendants.

OPINION
WINKELSTEIN, J.S.C.
On April 2, 1983, I determined that Atlantic City's (the City) amended affirmative action plan (the Plan) as was contained in Ordinance No. 24 of 1993 (Ordinance 24) was constitutional on its face. Feriozzi v. Atlantic City, 266 N.J. Super. 124, 628 A.2d 821 (Law Div. 1993). Ordinance 24 was enacted after plaintiff[1] filed suit challenging the original affirmative action plan, alleging that it was violative of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and discriminated against nonminorities under the New Jersey Constitution and 42 U.S.C.A. § 1983. Plaintiff now argues it is entitled to both damages under 42 U.S.C.A. § 1983 (§ 1983) and counsel fees under 42 U.S.C.A. § 1988 (§ 1988). The issues are framed as follows:
1. Even though Ordinance 24 was found constitutional, may plaintiff be considered the prevailing party for purposes of damages and counsel fees?
2. In light of the principle that a low bidder may not recover money damages from a public body after successfully challenging the award of a contract, M.A. Stephen Const. Co. v. Borough of Rumson, 125 N.J. Super. 67, 74[, 308 A.2d 380] (App.Div. 1973), is plaintiff otherwise entitled to compensatory damages under § 1983?
3. Is plaintiff entitled to an award of counsel fees under § 1988?
A short summary of the facts and a chronology of the events are necessary to place these issues in proper context.
Plaintiff submitted the low bid to the City for a project involving realignment of certain city streets. In accordance with the then controlling ordinances, the bid was sent to the City affirmative action officer for review, who found that plaintiff had failed to qualify under various provisions of the Plan. The City rejected *313 plaintiff's bid and the contract was awarded to another bidder. Plaintiff then filed suit and sought, among other relief, a preliminary injunction to preclude the City from executing the contract with the party to whom the bid was awarded. The request for restraints was denied, the contract was signed, and the project was completed.
Plaintiff withdrew its action against the successful bidder, but continued to pursue its claim against the City, arguing that the Plan, which was the basis upon which the City rejected plaintiff's bid, was unconstitutional in that it was a violation of equal protection and § 1983. After a period of several months, at the time the constitutionality issue was scheduled for argument, the City requested a ninety-day adjournment to allow it time to take corrective measures with regard to the challenged affirmative action plan. Counsel for the City acknowledged at that time that the City's Plan appeared to be in conflict with the United States Supreme Court's decision in Richmond v. Croson Co., 488 U.S. 469, 109 S.Ct. 706, 102 L.Ed.2d 854 (1989) which concluded that to use race or ethnic criteria as a means to remedy past discrimination, judicial, legislative or administrative findings of constitutional or statutory violations must first be made. Id., 488 U.S. at 497, 109 S.Ct. at 723, 102 L.Ed.2d at 884. The City offered to suspend the Plan while it took action to revise it. An order was thereafter entered suspending the Plan and giving the City time to take action. Several months later the Plan was amended by Ordinance 24.
The issues are now before the court as outlined above. The first question is whether plaintiff may be considered a prevailing party.
An analysis of whether plaintiff is a prevailing party requires an examination of the complaint. African Council v. Hadge, 255 N.J. Super. 4, 9, 604 A.2d 604 (App.Div. 1992). There must be a factual causal nexus between plaintiff's litigation and the relief ultimately achieved and it also must be shown that the relief ultimately secured by plaintiff had a basis in law. Singer v. *314 State, 95 N.J. 487, 495, 472 A.2d 138 (1984). "A plaintiff is considered prevailing if he/she is successful on any significant issue which benefits the party bringing the suit." Frank's Chicken House v. Mayor and Council, 208 N.J. Super. 542, 546, 506 A.2d 751 (App.Div. 1986), quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983).
Applying the above principles to the instant case I conclude that plaintiff is a prevailing party. Both the second and fourth counts of the complaint sought a declaration that the Plan be considered unconstitutional and unenforceable. Although I did not have to reach that issue since the Plan which was in effect when the plaintiff initiated the lawsuit challenging it was amended by Ordinance 24 during the litigation, there is no question that it was changed in response to the lawsuit. Counsel for the City has acknowledged that the Plan was amended in response to the plaintiff's law suit. The provisions which would have rendered the Plan unconstitutional, such as the rigid racial quotas which were offensive and violative of equal protection pursuant to Croson, supra, were deleted.
The fact that plaintiff was not awarded the contract is not dispositive. Although there was no final judgment entered in plaintiff's favor, plaintiff "won substantially the relief originally sought in [its] complaint." Singer v. State, supra, 95 N.J. at 495, 472 A.2d 138, quoting Maher v. Gagne, 448 U.S. 122, 127, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653, 659 (1980). It is not necessary that all of the relief sought be obtained. Frank's Chicken House, supra, 208 N.J. Super. at 546, 506 A.2d 751. It is enough that there was the settling of some dispute that affected the behavior of the defendant towards the plaintiff. Hewitt v. Helms, 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654, 662 (1987).
As a result of plaintiff's lawsuit, the Plan was changed to the extent that the provisions which prevented plaintiff from being the successful bidder were deleted. Under these circumstances, the fact that the City decided to amend the Plan before I ruled on its *315 constitutionality should not act as a bar to plaintiff being recognized as the prevailing party.
Associated Bldrs. & Cont. v. Orleans Parish School, 919 F.2d 374 (5th Cir.1990), appears to be on all fours with the instant case. In Associated Bldrs. the plaintiff sought declaratory and injunctive relief against a school board's construction program, which established set-asides for minorities and women, alleging the program was violative of equal protection. Richmond v. Croson, supra, was decided shortly after the complaint was filed. The school board then repealed the program during the litigation and the case was dismissed as moot. The court found the plaintiff to be a prevailing party, concluding that both the goal of the lawsuit was achieved and the suit itself caused the defendant to remedy the discrimination. Associated Bldrs., 919 F.2d at 378. The catalyst in the instant case which caused the City to amend the Plan was the lawsuit. Plaintiff clearly qualifies as a prevailing party.
The next issue is whether plaintiff should be entitled to damages. This presents a more complex and thorny problem, which does not appear to have been previously addressed in this jurisdiction.
Although an unsuccessful bidder may attack the award of a contract, that bidder may not recover money damages even if the challenge succeeds. M.A. Stephen Const. Co., supra, 125 N.J. Super. at 75, 308 A.2d 380. "[T]o permit the low bidder to recover damages would simply twice penalize the public." Id. at 76, 308 A.2d 380. This principle was clearly set forth in Commercial Clean. Corp. v. Sullivan, 47 N.J. 539, 546, 222 A.2d 4 (1966), where the Court said:
It should be noted that appellant quite properly makes no claim for damages based upon the alleged improper failure to award it the contract. Submission of the lowest bid in answer to an advertisement for bids by the State for public work cannot be the basis of a claim for damages based upon the failure or refusal to accept such bid.
*316 Plaintiff argues, however, that it should still be entitled compensatory damages as it was a successful claimant on its constitutional claim under § 1983, which reads as follows:
Every person who, under color of any statute, ordinance, regulation ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
On its face, therefore, it would appear that § 1983 would provide plaintiff an avenue for damages, which runs contrary to New Jersey decisional law as it concerns the right of an unsuccessful bidder to recover money damages against a public body. However, a close look at the underlying reasons for each legal principle shows that they can in fact be reconciled.
The reason why an unsuccessful bidder may not receive money damages, even if the challenge to the award of the contract succeeds, is to prevent the public from paying twice. It is the public interest, not the private interest of the bidder, which is paramount. The purpose of competitive bidding is "to secure competition and to guard against favoritism, improvidence, extravagance and corruption." Hillside Twp. v. Sternin, 25 N.J. 317, 322, 136 A.2d 265 (1957). "Consequently, whatever rights a bidder may have in the process are `conferred ... to the end that the public will obtain all that is due it in the procurement process, rather than for [the bidder's] individual aggrandizement.'" Morie Energy Management v. Badame, 241 N.J. Super. 572, 576, 575 A.2d 885 (App.Div. 1990) (citing Trap Rock Industries v. Kohl, 59 N.J. 471, 480, 284 A.2d 161 (1971)). The overriding public interest involved is the promotion of competitive bidding. Id. 241 N.J. Super. at 577, 575 A.2d 885.
With these propositions in mind, plaintiff's challenge to the affirmative action provisions of the City bidding documents must be viewed as a challenge for the benefit of the public, not for the private benefit of plaintiff. The relief secured by plaintiff protects the integrity of the public bidding process by prohibiting public officials from engaging in unconstitutional conduct. It affords *317 protection to the public by the promotion of competitive bidding. Thus the injured "person" under § 1983 would not be plaintiff, but rather the public at large.
Constitutional rights do not exist in a vacuum. Memphis Community School Dist. v. Stachura, 477 U.S. 299, 307-308, 106 S.Ct. 2537, 2545, 91 L.Ed.2d 249, 259 (1986). Their purpose is to protect persons from injuries to particular interests. Id. The particular interest to be protected in the instant case was a public interest. The status conferred upon plaintiff to support its claim "is conferred upon [it] to the end that the public will obtain all that is due in the procurement process." Trap Rock Industries, Inc., supra, 59 N.J. at 479-480, 284 A.2d 161. Standing to challenge the bid is granted
[s]imply and solely in order that the public interest might be served by compelling the lax or erring public official to properly perform his public trust. It was not thereby intended to create or establish in the bidder entitled to the award of the contract a right which, if violated, would render the public agency liable in damages to the bidder.
[M.A. Stephen Const Co., supra, 125 N.J. Super. at 74, 308 A.2d 380.]
Plaintiff's standing to challenge the bid award was for the benefit of the public. The particular interests to be protected, the interests in the bidding process and in equal protection, were the public's, not the plaintiff's. I therefore am satisfied that plaintiff is not entitled to compensatory damages.
The final issue is whether plaintiff is entitled to § 1988 counsel fees. In awarding attorney's fees New Jersey courts have applied the federal standard. Frank's Chicken House, supra, 208 N.J. Super. at 545, 506 A.2d 751, citing Carmel v. Hillsdale, 178 N.J. Super. 185, 189, 428 A.2d 548 (App.Div. 1981). Courts are not free to deny fees to prevailing plaintiffs unless special circumstances would make the award unjust. Frank's Chicken House, supra, 208 N.J. Super. at 545, 506 A.2d 751. Section 1988 fees are provided in order to allow "effective access to the judicial process" for citizens striving to vindicate their civil rights. Singer v. State, supra, 95 N.J. at 497, 472 A.2d 138. A prevailing civil rights plaintiff acts as "a private attorney general vindicating a policy *318 that Congress considered of the highest priority." Frank's Chicken House, supra, 208 N.J. Super. at 545, 506 A.2d 751 (quoting Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265 (1968)).
There are no special circumstances which would render an award of counsel fees unjust in this case. Plaintiff prevailed. Plaintiff was successful for the benefit of the public in having a regulation changed which denied prospective bidders equal protection under the Fourteenth Amendment. Plaintiff should be compensated for its counsel fees. As a private litigant, plaintiff should be placed on equal financial footing with public officials when it comes to challenging intrusions to the public's civil rights. Plaintiff has acted because government officials failed to do so. A failure to award fees would be both unjust to plaintiff and would have a chilling effect upon a private litigant's ability to act to further the public interest in challenging unconstitutional conduct. An award of counsel fees is both necessary and appropriate.
Plaintiff has submitted an affidavit of services. Defendant shall have an appropriate opportunity to respond. If a hearing is requested as to the reasonableness of fees, it will be scheduled accordingly. If no hearing is requested, I will make my findings as to the reasonableness of the fees under the criteria established in R. 4:42-9, Singer v. State, supra, 95 N.J. at 500-01, 472 A.2d 138, and Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974). Mr. Perskie shall submit the appropriate order.
NOTES
[1] There are technically two plaintiffs in this case: Feriozzi Company, Inc., the unsuccessful bidder for a city road paving contract, and Concetta Feriozzi, a principal of the Feriozzi Company and a city taxpayer. Plaintiffs will collectively be referred to as plaintiff.