700 A.2d 900

DIANE DAVIDSON, GUARDIAN AD LITEM FOR INFANT PLAIN-TIFF EILEEN DAVIDSON, PLAINTIFF, v. ROSELLE PARK SOCCER FEDERATION, PHILLIP ACOSTA, ALVARO BERGES, PETER STRAHAN, FRANK TERPENNING, AND MILT WOOD-RUFF, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Union County
General Equity Part

Decided December 4, 1996.

*David Rocah* and *Joseph M. Accardi* for plaintiff (*ACLU–NJ* and *Wilentz, Goldman & Sptizer*, attorneys).

*Alvaro Berges, Frank Terpenning* and *Milt Woodruff,* defendants, pro se.

KENTZ, Jr., J.S.C. (retired and temporarily assigned on recall).

This matter comes before the Court on plaintiff's motion for attorneys fees and costs. By way of background, this case originated from plaintiff's Order to Show Cause with Temporary Restraints, filed on June 5, 1996, seeking to enjoin defendants [1] from blocking Eileen Davidson's (hereinafter "Eileen") participation in the soccer try-outs for the "boys traveling team."

The facts may be summarized as follows:

The infant plaintiff, Eileen, is eleven years old (her mother and guardian, Diane Davidson, is the named plaintiff in this action). Eileen had been playing on the "traveling team" of the Roselle Park Soccer Federation (hereinafter the "Federation") for the past four years. She was required to try out every year and each year she made the team based on her abilities.

On May 23, 1996, the voting board members of the Federation voted to restrict the "traveling team" to boys only. A "girls traveling team" had been in existence for two years, although Eileen had never been forced off the "traveling team" and onto the "girls traveling team."

On June 5, 1996, plaintiff filed the aforesaid Order to Show Cause with Temporary Restraints seeking to temporarily restrain

---

[1] By consent of the parties, Phillip Acosta and Peter Strahan were dismissed as defendants from this action for good cause.

defendants from prohibiting Eileen's participation in the soccer try-outs for the "boys traveling team" scheduled for the evening of June 5, 1996. This Court granted plaintiff's application and subsequently Eileen tried out for the team of her choice.

On the Return Date of the Order to Show Cause, all parties agreed that until a decision was made as to whether Eileen had made the team, this Court had no issue to decide. The parties later reported that Eileen had made the team. Therefore, on June 17, 1996, this Court ruled that the action had become moot. This ruling was not challenged.

Plaintiff now seeks attorneys fees and costs. Whether plaintiff is entitled to such an award is the only issue now before the Court.

It appears from the undisputed record that the individual named defendants are volunteers of the Federation. *N.J.S.A.* 2A:64-1 to -6 governs actions by and against unincorporated associations, such as the Roselle Park Soccer Federation. As the group does not appear to be organized for a pecuniary purpose it cannot be sued. *See N.J.S.A.* 2A:64-6. Thus, the Federation cannot be liable for plaintiff's attorneys fees and costs.

■ Since the Federation is not amenable to suit the members of the association are individually liable for the debts of the association. *See, e.g., Bango v. Ward,* 12 *N.J.* 415, 97 *A.*2d 147 (1953) (holding that an action against an unincorporated association is in reality an action against the membership); *Marchitto v. Central R. Co. of New Jersey,* 9 *N.J.* 456, 88 *A.*2d 851 (1952) (holding that a suit against an unincorporated association is a suit against the principals). The named defendants are being sued as principals of the unincorporated association, not as employees, and thus, are individually liable. *See N.J.S.A.* 2A:64-5.

*N.J.S.A.* 10:5-27.1 authorizes state and federal courts to award reasonable attorneys fees to the prevailing party in suits brought under the Law Against Discrimination (hereinafter, the "LAD"). As *N.J.S.A.* 10:5-27.1 was enacted relatively recently, *see* L.1979, c. 404, s 6, there is little caselaw interpreting its provisions in

comparison to the vast body of caselaw interpreting the analogous federal provision, 42 *U.S.C.A.* § 1988. Since the New Jersey courts have not substantively addressed this question, plaintiff looks to federal law to support her contention that as the prevailing party she should be entitled to attorneys fees and costs.

In order to be awarded reasonable attorneys fees a plaintiff must show that he/she is the prevailing party. In order to be considered a prevailing party a plaintiff must demonstrate: (1) success on a significant issue which benefits the party bringing suit; (2) a factual causal nexus between plaintiff's litigation and the relief obtained; and (3) that the relief obtained had a basis in law. *Feriozzi Co., Inc. v. City of Atlantic City,* 268 *N.J.Super.* 310, 314, 633 *A.2d* 581 (Law Div.1993).

Plaintiff alleges that she has met all aspects of the three step inquiry. First, plaintiff contends that in light of the fact that Eileen was able to try out and play for the "boys traveling team" she has received all the relief sought in her complaint and thus, has succeeded on a significant issue. Next, plaintiff alleges that her suit was the cause of defendants' decision to allow Eileen to participate on the soccer team and thus, there is a factual causal nexus between her litigation and the relief obtained. Plaintiff argues that defendants' refusal to allow Eileen to play on the team until after the litigation was brought demonstrates that their actions were directly in response to plaintiff's litigation. Finally, plaintiff claims that her suit had an adequate basis in law since it is based on the LAD.

Defendants, on the other hand, contend that special circumstances exist which would render an award of attorneys fees and costs unjust pursuant to *Hensley v. Eckerhart,* 461 *U.S.* 424, 429, 103 *S.Ct.* 1933, 1937, 76 *L.Ed.2d* 40 (1983) (stating that, "a prevailing plaintiff should ordinarily recover attorneys fees unless special circumstances would render such an award unjust"). Defendants claim that their decision to create and encourage participation in a girls' team was not a discriminatory practice since they had no intent to discriminate. Moreover, defendants assert

that they did not persist in a refusal to let Eileen play on the team of her choice, but rather informed the Court on June 25, 1996 that a decision had not yet been made. Finally, defendants claim that plaintiff made no attempt to settle the matter, but instead persisted in outrageous demands and behavior.

Clearly, whether plaintiff is entitled to attorneys fees and costs rests on whether plaintiff is indeed a prevailing party. "The first inquiry in determining prevailing party status is whether the judgment provided the movant with a sufficient degree of success on the merits of its claim. In order to be a prevailing party, a 'plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through consent decree or settlement.'" *H.I.P. v. K. Hovnanian at Mahwah, Inc.*, 291 *N.J.Super.* 144, 154, 676 *A.*2d 1166 (Law Div.1996) (*quoting Farrar v. Hobby*, 506 *U.S.* 103, 111, 113 *S.Ct.* 566, 573, 121 *L.Ed.*2d 494 (1992)). Plaintiff, however, has not obtained an enforceable judgment, consent decree or settlement. Rather, on July 17, 1996, this court dismissed plaintiff's claims as moot. Therefore, it cannot be said that plaintiff has obtained a sufficient degree of success regarding the merits of her claim to be considered a prevailing party.

Furthermore, there is no clear or persuasive evidence that there was a causal nexus between plaintiff's litigation and the relief obtained. Whether plaintiff is entitled to such an award is determined by whether her case acted as a "catalyst" for vindication of her constitutional rights. *Staten v. Housing Authority of the City of Pittsburgh*, 638 *F.*2d 599, 605 (3rd Cir.1980). The court must decide whether the litigation constituted a material contributing factor in bringing about the events that resulted in obtaining the desired relief. *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 *F.*2d 897, 916 (3rd Cir.1985). While it is not necessary that all of the relief sought by a plaintiff be obtained, there must be "the settling of some dispute that affected the behavior of the defendant towards the plaintiff." *Feriozzi, supra*, 268 *N.J.Super.* at 314, 633 *A.*2d 581.

Eileen was allowed to try out for the traveling team. She subsequently made the team. Defendants at all times seemed willing to cooperate in this matter and did not persist in engaging in any sort of discriminatory behavior. Based on the undisputed record, it is clear that on June 12, 1996, defendants sent a letter to plaintiff's counsel advising him that Eileen would be able to try out and would be judged fairly by a panel of licensed coaches. This is exactly what took place as Eileen subsequently made the traveling team. It cannot be said that Eileen made the team merely because of the pending litigation, but rather she was judged on her abilities and thus, allowed to play for the team. The Court does not find, based on the record before it, that but for plaintiff's litigation, defendants would not have allowed Eileen to try out and participate on the traveling team. Nor is there any clear evidence that plaintiff's complaint was a material contributing factor to defendants' decision that Eileen had made the team of her choice.

Plaintiff cites an array of cases to support her contention that she is the prevailing party. In each of these cases, however, it was not disputed that the relief obtained by the plaintiff was a direct result of the litigation. *See Maher v. Gagne*, 448 *U.S.* 122, 100 *S.Ct.* 2570, 65 *L.Ed.*2d 653 (1980) (holding that plaintiff was the prevailing party because the District Court entered a consent decree providing for amendment in federal regulation in response to plaintiff's challenge of the regulation as unconstitutional); *Institutionalized Juveniles, supra*, 758 *F.*2d at 917 (holding that plaintiffs were the prevailing party despite judgment rendered against them for mootness because the litigation resulted in significant legislative and regulatory reform); *H.I.P., supra*, 291 *N.J.Super.* at 155, 676 *A.*2d 1166 (awarding attorney's fees to plaintiff upon finding that plaintiff's litigation and consent decree obtained were the direct cause of defendant's changed behavior); *Feriozzi, supra*, 268 *N.J.Super.* at 312, 633 *A.*2d 581 (holding that plaintiff was the prevailing party where an ordinance was enacted in response to plaintiff's litigation).

Next, the relief plaintiff obtained did not have a basis in law sufficient to grant attorneys fees to plaintiff as the prevailing party. While it may not be necessary to show a discriminatory intent under the LAD, it is necessary to show a discriminatory effect. *See, e.g., Sellers v. Phillip's Barber Shop,* 46 *N.J.* 340, 348, 217 *A.*2d 121 (1966) (stating that, "no device whether innocent or subtly purposeful, can be permitted to frustrate the legislative determination to prevent discrimination") (citation omitted), *T.L. v. Toys 'R' Us, Inc.,* 255 *N.J.Super.* 616, 635, 605 *A.*2d 1125 (App.Div.1992), *certif. denied* 130 *N.J.* 19, 611 *A.*2d 657 (1992) (finding that in order to sustain a claim of sexual harassment under the LAD a female employee need not show intent to sexually harass as long as she can show that the behavior itself was unwelcome, intentional and sexually oriented). *Cf. Griggs v. Duke Power Co.,* 401 *U.S.* 424, 91 *S.Ct.* 849, 28 *L.Ed.*2d 158 (1971). In the present case there is no evidence of discriminatory intent or effect. Defendants do not claim that no other girls, other than Eileen, will be allowed to play on the team in question. Moreover, defendants point out that the girls' teams receive the same coaching and equipment as the boys' teams. This court did not have the occasion to decide whether defendants' actions constituted discrimination under the LAD. Rather, this court merely granted a preliminary injunction enjoining defendants from prohibiting Eileen from trying out and participating on the "boys traveling team" in order to maintain the status quo and preserve the issue for litigation. The claim, however, was dismissed as moot before it could be litigated. No decision was ever reached as to the presence or absence of discrimination in violation of the LAD. *Cf. National Organization for Women v. Little League,* 127 *N.J.Super.* 522, 318 *A.*2d 33 (App.Div.1974) (holding that defendant was engaging in discriminatory behavior where he voiced his refusal to allow any girls to play on the baseball team, refused to change his behavior and there was no comparable girls' team). Thus, it is clear that no decision was ever reached on the merits of this case. Therefore, plaintiff has not received any relief

that had an adequate basis in law sufficient to grant attorneys fees to plaintiff as the prevailing party.

Last, throughout the course of the dispute defendants displayed a willingness to settle and resolve the dispute while plaintiff appeared to continually make further demands which prevented settlement of the claim. Therefore, it does not appear to the court that plaintiff made a good faith effort to settle the claim. Consequently, no settlement was ever reached between the parties before the court declared plaintiff's case to be moot. One New Jersey court has suggested that the absence of a good faith effort to settle may be a special circumstance negating a plaintiff's entitlement to attorneys fees. *See H.I.P., supra,* 291 *N.J.Super.* at 157, 676 *A.*2d 1166 (citation omitted). While attorneys fees cannot be denied on this basis alone, the Court finds plaintiff's lack of effort to settle to be a persuasive factor in denying the motion for attorney's fees and costs.

For the aforesaid reasons, plaintiff's motion for counsel fees and costs under *N.J.S.A.* 10:5–27.1 is hereby denied.