695 A.2d 309

EDWARD STOCKTON; TRACKSIDE BROKERAGE, INC., TRADING AS JOHN BOND BROKERAGE; NIA, LTD., TRADING AS THE HARNESS BROKERAGE AND THE WINNER'S CIRCLE; STANLEY PANCO; CELESTE TRACY; ALBERT FLORIO, JR.; DAVID N. WILKINSON, DORIS J. WILKINSON AND DAVID TODD WILKINSON; ANTHONY P. NINI; JOANN NINI; NARROWBROOK FARM; WILLIAM A. PURDY; JERRY C. VITALO, SR.; SURE INSURANCE AGENCY; RUSSELL FORD; WALTER MEDIO; AND MARTIN L. FALLON, PLAINTIFFS–RESPONDENTS, v. PETER L. RHULEN; RHULEN AGENCY, AS A DIVISION OF MARKEL SERVICES, INC.; FRONTIER INSURANCE COMPANY; AND NEW JERSEY RACING COMMISSION, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued May 13, 1997—Decided June 17, 1997.

Before Judges STERN, HUMPHREYS and WECKER.

*Keith A. Costill*, Deputy Attorney General, argued the cause for appellant New Jersey Racing Commission (*Peter Verniero*, Attorney General, attorney; *Mary C. Jacobson*, Assistant Attorney General, of counsel; *Mr. Costill*, on the brief and reply brief).

*Mark A. DeMarco* argued the cause for respondents Edward Stockton et al. (*Mr. DeMarco*, on the brief).

The opinion of the court was delivered by

STERN, J.A.D.

The New Jersey Racing Commission (Commission) appeals from an order entered on March 29, 1996, awarding plaintiffs' attorney $47,851.50 "for services rendered in this matter as against the Defendant Racing Commission" together with $27,-136.18 in out-of-pocket costs. The appeal follows entry of final judgment premised on a settlement whereby defendants Rhulen Agency and Frontier Insurance Company agreed to pay the Class Action plaintiffs $37,190. The settlement order was stayed pending this appeal from the prior award of counsel fees.

Plaintiffs' complaint was filed in response to the Commission's adoption of a program requiring owners and trainers to purchase workers' compensation insurance from defendant Frontier through defendant Rhulen. Such coverage was a condition of licensure in New Jersey.

The Commission's plan was adopted in September 1989 and the coverage had to be in effect as a condition of licensure for the year 1990. The complaint was filed in April 1990.[1] It was initially dismissed in the Chancery Division, apparently because it related to State administration action, but on June 7, 1990, we granted emergent relief and transferred the matter to the Chancery Division for consideration of plaintiffs' application for restraints and other relief. On August 29, 1990, the Chancery Division certified the matter as a class action. The Class 1 claimants were owners and trainers who had already purchased other policies embodying workers' compensation coverage similar to Frontier's, and the Class 2 claimants were insurance agents "who lost customers as a direct result . . . of the Commission's Workers' program."

The Commission subsequently amended the plan to permit coverage through any company authorized to do business in New Jersey. See N.J.A.C. 13:70–3.41; N.J.A.C. 13:71–6.1. The amend-

---

[1] The complaint in the appendix contains no filing date. A motion for temporary restraints was dated April 16, 1990.

ments became effective January 1, 1991,[2] and the only issue remaining in the litigation dealt with damages for the year 1990 during which the original program was in effect. As noted, the litigation was settled by a monetary payment from the defendants other than the Commission to plaintiffs.

The Commission contends that the order awarding fees and costs "should be reversed because the plaintiffs have failed to establish that the Commission's workers' compensation program was constitutionally defective and the Commission was denied the ability to defend the program" by virtue of plaintiffs' settlement with the other defendants.

■ The complaint alleged a number of violations of the federal constitution, and it is not disputed that the Chancery Division could grant counsel fees and costs to a "prevailing party" for violation of their civil rights by an agency acting under color of state law. *Singer v. State*, 95 *N.J.* 487, 491–92, 472 *A.*2d 138 (1984), *cert. denied*, 469 *U.S.* 832, 105 *S.Ct.* 121, 83 *L.Ed.*2d 64 (1984); *see also* 42 *U.S.C.A.* § 1988; *R.* 4:42–9(a)(8).

■ In *Singer, supra*, 95 *N.J.* at 490–91, 472 *A.*2d 138, our Supreme Court adopted the test for determining if a party "prevailed" for purposes of fees under section 1988:

> *Nadeau* [*v. Helgemoe*, 581 F.2d 275 (1st Cir.1978) ] furnishes a satisfactory and workable test for ascertaining whether a party has prevailed for purposes of determining eligibility for the award of attorney's fees under the Awards Act. The test ... first calls for a factual causal nexus between plaintiff's litigation and the relief ultimately achieved.... Second, under *Nadeau*, it must be shown that the relief ultimately secured by plaintiffs had a basis in law.
>
> [*Singer, supra*, 95 *N.J.* at 495, 472 *A.*2d 138.]

---

[2] There is some dispute as to the effective date. While plaintiffs refer to their adoption at a meeting in August 1990 and a November 19, 1990 effective date, we will accept the Racing Commission's representation that "[t]he program was instituted on March 1, 1990 and remained in effect until January 1, 1991, the effective date of the amendments to *N.J.A.C.* 13:70–3.41 and *N.J.A.C.* 13:71–6.1." We note, however, that the *New Jersey Administrative Code* refers to November 19, 1990 as the effective date of the present regulations, although the regulations deal with policies which must be in force for a calendar year.

■ The *Singer* Court found that plaintiffs were "prevailing parties" entitled to fees though they did not succeed on their section 1983 claims, because they still obtained "substantially all of the relief they sought," a declaration that the statute was invalid and an injunction against its enforcement. *Id.* at 496, 472 *A.*2d 138. The action was deemed a causal factor in the relief attained. *See generally Farrar v. Hobby,* 506 *U.S.* 103, 111, 113 *S.Ct.* 566, 573, 121 *L.Ed.*2d 494, 503 (1992) ("to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief" which "at the time of the judgment or settlement ... modif[ies] the defendant's behavior in a way that directly benefits the plaintiff"); *Texas State Teachers Ass'n v. Garland Indep. School Dist.,* 489 *U.S.* 782, 791–92, 109 *S.Ct.* 1486, 1492–93, 103 *L.Ed.*2d 866, 877 (1989); *African Council v. Hadge,* 255 *N.J.Super.* 4, 11–12, 604 *A.*2d 604 (App.Div.1992). Once a plaintiff "is successful on any significant issue," fees are ordinarily granted as a matter of course "unless special circumstances would make the award unjust." *Frank's Chicken House v. Mayor and Council,* 208 *N.J.Super.* 542, 545, 506 *A.*2d 751 (App.Div.1986); *see also African Council, supra,* 255 *N.J.Super.* at 12, 604 *A.*2d 604.

■ As we explained in *Gregg v. Township Comm.,* 232 *N.J.Super.* 34, 39, 556 *A.*2d 348 (App.Div.1989):

> it was the intent of Congress in enacting section 1988 to require an award of fees in all but exceptional cases in order to encourage litigants to vindicate civil rights violations.... Thus, unless the trial judge advance[s] ... a viable reason for the denial of fees, [a] denial must be reversed.

*Compare Farrar, supra,* 506 *U.S.* at 113, 113 *S.Ct.* at 574, 121 *L.Ed.*2d at 505 (holding "that the prevailing party inquiry does not turn on the magnitude of the relief obtained ... [but] 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained'"); *see also Rendine v. Pantzer,* 141 *N.J.* 292, 333–45, 661 *A.*2d 1202 (1995).

■ The record is clear that plaintiffs' complaint, either alone or together with litigation commenced by the New Jersey Thoroughbred Benevolent Association, resulted in a change of the program adopted by the Commission and that plaintiffs have

adequately demonstrated the requisite causal connection between the commencement of their litigation and the relief they desired. And, while the Commission did not litigate the constitutional claims in light of the settlement, there is an insufficient showing of a meritorious defense asserted or advanced by the Commission in support of the legality of the program [3] which was amended to plaintiffs' satisfaction shortly after this suit was filed. The plaintiffs' claims had a basis in law. This is not a case where the plaintiffs principally sought money damages but recovered only a minimal amount or nominal damages. *See Farrar, supra.* The money damages sought here were losses caused by the program plaintiffs sought to enjoin, and the damages were minimized by virtue of the Commission's discontinuation of the program. *See also, e.g., Jackson v. Georgia–Pacific Corp.,* 296 *N.J.Super.* 1, 22–25, 685 *A.2d* 1329 (App.Div.1996) (no recovery of counsel fees in wrongful termination suit under Law Against Discrimination), *certif. denied,* 149 *N.J.* 141, 693 *A.2d* 110 (1997). In these circumstances we have no hesitation to agree with the Chancery Division that plaintiffs were a "prevailing party" entitled to attorney's fees.

As noted by the Law Division in *Feriozzi Co., Inc. v. City of Atlantic City,* 268 *N.J.Super.* 310, 314, 633 *A.2d* 581 (Law Div.1993), a party can prevail even though administrative action was taken in response to litigation without an adjudication of the merits of the suit, and this was so even though the plaintiff who attacked the affirmative action program there involved could not recover damages. In *Feriozzi,* the Law Division held that the plaintiff was a "prevailing party" entitled to counsel fees because the city had amended its Affirmative Action Plan which plaintiff

---

[3] At the fee motion hearing, the judge stated that the plan could not reasonably be justified as furthering a "public interest" thus running afoul of the Equal Protection Clause. He believed that, because any licensed insurance company could have provided adequate protection, the plan was not a rational means to address any potential interest the State had in seeing that the on-track employees were covered under the worker's compensation insurance policies of the owners and trainers for whom they worked.

sought to invalidate before the court could rule on its constitutionality. Where the court need not reach the merits of plaintiff's qualifying claim, plaintiff need demonstrate only "(a) a causal connection between the litigation and the relief sought and (2) that the success was not obtained by a gratuitous gesture of the fee-target." *Paris v. United States Dept. of Housing & Urban Dev.*, 988 *F*.2d 236, 241 (1st Cir.1993); *see also Johnson v. Lafayette Fire Fighters Ass'n Local 472*, 51 *F*.3d 726, 730–31 (7th Cir.1995).

We thus disagree with the Commission's suggestion that the civil rights claims have to be adjudicated before a party can "prevail" in the litigation. Once the case is resolved, a court need not decide the merits of the constitutional, civil rights and related claims simply to determine the fee issue. *See Paris, supra*, 988 *F*.2d at 240 (citing *Texas Teachers, supra*, 489 *U.S.* at 791, 109 *S.Ct.* at 1492, 103 *L.Ed.*2d at 877). In *Paris* the legislative action which mooted the only issue in contest did not prevent the award of counsel fees. We similarly conclude that although the administrative action here avoided the need for litigation of the federal constitutional and civil rights issues, plaintiffs were "prevailing parties" entitled to counsel fees under section 1988.

Finally, the Commission does not contest the amount or reasonableness of the award granted and does not contend that the other defendants can be deemed responsible for "the state action" caused by its adoption of the program which gave rise to this action. Accordingly, we affirm the award of counsel fees against the Commission.

Affirmed.