927 A.2d 146

HARRY AND RITA SCHMOLL, HUSBAND AND WIFE, LEONARD AND ELEANOR EGNACK, HUSBAND AND WIFE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS–RESPONDENTS, AND MOUNT LAUREL TOWN-SHIP, PLAINTIFF–INTERVENOR, v. J.S. HOVNANIAN & SONS, LLC, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 20, 2007—Decided July 6, 2007.

Before Judges SKILLMAN, LISA and GRALL.

*Richard W. Hunt,* argued the cause for appellant (*Parker McCay,* attorneys; *Mr. Hunt* and *Bradley K. Sclar,* of counsel; *Dana B. Ostrovsky,* on the brief).

*Norman Shabel,* argued the cause for respondents (*Philip Stephen Fuoco* and *Shabel & DeNittis,* attorneys; *Mr. Fuoco* and *Joseph A. Osefchen,* on the brief).

The opinion of the court was delivered by

LISA, J.A.D.

This class action by homeowners against J.S. Hovnanian & Sons, LLC (Hovnanian), the mass builder of their homes, alleged an unsafe and unhealthy condition resulting from inadequate ventilation in their utility rooms, which contained a gas fired furnace, hot water heater and dryer. The complaint sought injunctive relief in the form of a court-administered program, at Hovnanian's expense, for inspection and testing of their units and, if necessary, repairs to achieve compliance with applicable building codes. The complaint also sought monetary damages. It contained multiple counts and asserted various theories, including breach of implied warranty of habitability, negligence and violation of the Consumer Fraud Act (CFA), *N.J.S.A.* 56:8–1 to –166.

After two-and-one-half years of litigation, a bench trial commenced. Plaintiffs abandoned their damage claims and sought only the injunctive relief. Prior to trial, Hovnanian's summary judgment motion, which sought dismissal of all claims, including

the CFA claim, was denied. After three days of trial, and before plaintiffs rested, the parties entered into a settlement, which provided for the inspection and repair program at Hovnanian's expense. The stipulation of settlement expressly contemplated an application by plaintiffs' counsel for attorney's fees and that Hovnanian would take the position that the fee argument should occur after completion of the inspections. The stipulation contained the customary denial of wrongdoing or liability by Hovnanian in designing or constructing plaintiffs' homes, and stated that it "shall not be evidence of the violation of any statute, regulation or law."

The proposed settlement came before the trial court for a fairness hearing, *see R.* 4:32–2(e)(1)(C), at which, after notice to all affected parties, no one appeared in opposition. Counsel for plaintiffs and Hovnanian urged approval. The court also heard argument on plaintiffs' counsel fee application. The judge reserved decision. He later issued a written opinion approving the settlement, determining, without awaiting the inspection results, that plaintiffs were entitled to counsel fees as prevailing parties on their CFA claim, and awarding $249,674.09 in counsel fees and costs.

Hovnanian appeals, challenging plaintiffs entitlement to a fee award. Hovnanian argues that the fee shifting provision of the CFA, *N.J.S.A.* 56:8–19, the sole authority on which the award was based, was not triggered because plaintiffs were not prevailing parties and because Hovnanian's conduct could not constitute a CFA violation.[1] We reject these arguments and affirm.

It is by now clear that adjudication of liability under a fee-shifting statute is not a prerequisite to fee entitlement under that statute so long as the relief obtained in a settlement of the litigation is substantially that sought in the complaint, is evidenced

---

[1] Hovnanian does not challenge the approval of the class action settlement, nor does it challenge the reasonableness of the counsel fee and costs determined by the trial court.

by an enforceable judgment, and was brought about by the litigation. *See, e.g., Tarr v. Ciasulli,* 181 *N.J.* 70, 85–87, 853 *A.*2d 921 (2004); *Warrington v. Vill. Supermarket, Inc.,* 328 *N.J.Super.* 410, 420–23, 746 *A.*2d 61 (App.Div.2000); *Stockton v. Rhulen,* 302 *N.J.Super.* 236, 240–43, 695 *A.*2d 309 (App.Div.1997); *H.I.P. (Heightened Independence & Progress, Inc.) v. K. Hovnanian at Mahwah VI, Inc.,* 291 *N.J.Super.* 144, 154–57, 676 *A.*2d 1166 (Law Div.1996); *See also, Coleman v. Fiore Brothers, Inc.,* 113 *N.J.* 594, 552 *A.*2d 141 (1989) (authorizing counsel fees in settlement of CFA claims).

Plaintiffs obtained substantially what they sought in this litigation. Although they initially sought damages and injunctive relief, the primary thrust of the claim was for inspections, testing, and, if necessary, remediation. As the litigation progressed, plaintiffs abandoned any damage claims and sought only the injunctive relief. Indeed, less than three months after filing the complaint, plaintiffs' counsel wrote to Hovnanian's counsel confirming and urging acceptance of "a very simple and economically beneficial settlement," namely, without admitting wrongdoing or liability, to inspect and test the homes and remediate if necessary, which, based on plaintiffs' expert report, would be relatively inexpensive. No claim was made for monetary damages. The letter concluded with the reminder that "[s]ince this is a fee shifting case, where your clients would be liable for plaintiffs['] attorneys fees and expenses if we prevailed (which we are confident we will) we want to confirm this overture in writing, to follow-up what we have said on two occasions in court." Hovnanian chose to litigate the case until mid-trial, when it gave plaintiffs what they all along sought, and which, but for the litigation, they would not have obtained.

We find unpersuasive Hovnanian's argument that determination of prevailing party status should have been deferred until after the testing was done, because it might reveal that few, if any, homes were in violation and in need of remediation. Thus, according to Hovnanian, it might be established that it did nothing wrong or that its wrongdoing was minimal, depriving plaintiffs of

prevailing party status. This argument misperceives the essence of the remedy sought and obtained by plaintiffs, namely the assurance through expert testing and inspection that their health and safety were not impaired by inadequate ventilation in their utility rooms, and, if necessary, that remediation for that purpose would be provided. The argument also ignores the fact that proof was adduced of inadequate ventilation and the need for remediation for several homes. The injunctive relief itself was the remedy, regardless of whether any repairs were ultimately required. And, injunctive relief alone is sufficient to warrant a counsel fee award under the CFA. *Warrington, supra,* 328 *N.J.Super.* at 422, 746 *A.*2d 61 (quoting *Hensley v. Eckerhart,* 461 *U.S.* 424, 435 n. 11, 103 *S.Ct.* 1933, 1940 n. 11, 76 *L.Ed.*2d 40, 52 n. 11 (1983) (plaintiff who failed to recover damages but obtained injunctive relief may recover a fee award)); *see also, H.I.P., supra,* 291 *N.J.Super.* at 154–57, 676 *A.*2d 1166.

Although plaintiffs clearly prevailed in the litigation, Hovnanian argues that they did not prevail under the CFA, the sole basis for fee shifting. In support of this argument, in addition to stating that a CFA violation was never adjudicated or admitted, Hovnanian contends that as a matter of law there could be no CFA violation in this case. It argues that there was no proof that it committed any affirmative acts or knowing omissions that would constitute an unconscionable commercial practice, and that even if there were construction code violations they would not constitute regulatory violations promulgated under the CFA. Plaintiffs counter with arguments supporting potential CFA applicability in this case. They contend, for example, that a CFA violation could be found if Hovnanian knew it used substandard materials or knew of latent adverse conditions, but failed to reveal them.

But plaintiffs' primary argument is that by settling the case at mid-trial with a "live" CFA claim pending, arguments over whether a CFA violation would have been found became moot. We agree. Hovnanian's summary judgment motion, which sought dismissal of the CFA claim (as well as plaintiffs' other claims) was

denied. According to the Chancery Division opinion, "by the time of trial [plaintiffs] had abandoned all of the causes [of action in the initial complaint], except for a violation of the Consumer Fraud Act." [2]

Hovnanian is, in effect, attempting to reargue its summary judgment motion. We first note that we have been provided only with the order denying the motion. We have not been provided with the evidential record of the motion, the briefs, a transcript of argument (if there was oral argument), or the judges written decision setting forth the reasons for denial (which is referenced in the order). More importantly, in settling the case, Hovnanian did not preserve the right to appeal the denial of summary judgment regarding the CFA claim. And, at trial, plaintiffs had not yet completed presentation of their case when the settlement was made. Therefore, we cannot evaluate whether the trial evidence would have ultimately supported an adjudication of a CFA violation.

We do not endorse the notion that the trial court should have basically resumed the trial after approval of a binding settlement, to make a definitive CFA determination. Settlements are encouraged and should bring finality to litigation. The parties here achieved finality on the underlying claim, and each side expressly accepted the risk of success or failure on the counsel fee issue as a consequence of the settlement.

Hovnanian entered into the settlement with full knowledge that it was agreeing to provide the relief plaintiffs sought in their live CFA claim and that plaintiffs would seek a counsel fee award based on the CFA's fee-shifting provision. It had the option to proceed with the trial and, if the CFA claim was not dismissed at the end of plaintiffs' case, *see R.* 4:37–2(b), to complete the trial. If the judge then found no CFA violation, no fee award would be

---

[2] We have not been provided with trial transcripts. Hovnanian has not presented any record evidence to refute this statement by the Chancery Division, and we therefore have no occasion to question its accuracy.

made. If the judge found a CFA violation, that determination would be appealable, and we could then review a complete evidential record to evaluate whether the determination was supported by substantial credible evidence. *See Rova Farms Resort, Inc. v. Investors Ins. Co. of Am.,* 65 *N.J.* 474, 484, 323 *A.*2d 495 (1974).

Affirmed.