**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is only binding on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2988-14T1

DAVID SCHWARTZ, PAT IURILLI,
GEORGE MANIKAS and RAYMOND
KOHLER,

    Plaintiffs-Appellants/
    Cross-Respondents,

v.

BOROUGH OF HIGHLAND PARK
and SCOTT LUTHMAN,

    Defendants-Respondents/
    Cross-Appellants.

_____

        Argued September 14, 2016 — Decided July 31, 2017

        Before Judges Fuentes, Simonelli and Gooden
        Brown.

        On appeal from the Superior Court of New
        Jersey, Law Division, Middlesex County, Docket
        No. L-4967-14.

        Mark D. Oshinskie argued the cause for
        appellants/cross-respondents.

        Victoria D. Britton argued the cause for
        respondents/cross-appellants (Mason, Griffin
        & Pierson, PC, attorneys; Ms. Britton, of
        counsel and on the briefs; Andrew M. Slom, on
        the briefs).

PER CURIAM

At all times relevant to this case, plaintiffs David Schwartz, Pat Iurilli, George Manikas, and Raymond Kohler owned one-family homes in the Borough of Highland Park (the Borough). Plaintiffs filed a verified complaint challenging the constitutionality of a municipal ordinance that required them to maintain the sidewalks abutting their property in a safe condition. The trial court issued a preliminary injunction restraining the Borough from enforcing the ordinance against plaintiffs. The Borough thereafter repealed the ordinance and replaced it with a different ordinance, which plaintiffs have not challenged. Plaintiffs' counsel sought an award of counsel fees under 42 U.S.C.A. § 1988(b), claiming plaintiffs were a "prevailing party" under the catalyst theory recognized by our Supreme Court in Mason v. City of Hoboken, 196 N.J. 51, 76 (2008). The trial court agreed and awarded plaintiffs limited counsel fees.

On appeal, plaintiffs argue the trial court erred in limiting its award of counsel fees. The Borough cross-appeals, arguing the judge erred in finding plaintiffs were a "prevailing party." After reviewing the record developed by the parties, we affirm the trial court's February 17, 2015 order finding plaintiffs were a prevailing party under the catalyst theory. We also affirm the amount of counsel fees awarded to plaintiffs' counsel.

In 2012, the Borough mailed notices informing 1,220 real property owners that the municipality was "in the midst of a comprehensive community-wide sidewalk inspection program" in response to a "significant number of complaints related to sidewalk safety." The Borough also apprised the property owners that their "public (parallel to the street) sidewalk was inspected . . . and found to be in an unsafe condition." Pursuant to Highland Park, Ordinance 941, § 368-15, it was the homeowners' responsibility to keep the sidewalks and curbs in a safe condition. The Borough listed "substantial cracking, gaps in the sidewalk, buckled concrete, and/or raised sidewalks" as examples of "unsafe condition[s]."

To ensure compliance, the Borough prepared to issue summonses to any property owners who failed to heed its notice. To avoid the issuance of a summons, a property owner had to: (1) apply for a zoning permit, which signaled an intent to repair the sidewalk; or (2) "[s]ign up for the Highland Park Sidewalk Improvement Program[.]" The Borough instructed property owners with "unsafe" sidewalks to contact the Director of Code Enforcement if they had any questions or concerns.

In June 2014, plaintiffs received summonses charging them with failure to repair their sidewalks in violation of Ordinance

941, § 368-15. The four summonses were signed by Scott Luthman, the Borough's Director of Code Enforcement. The summonses issued to Schwartz, Iurilli, and Kohler identified the violation date as June 16, 2014, and the summons issued to Manikas identified the violation date as June 17, 2014.

On August 11, 2014, plaintiffs filed a verified complaint and an order to show cause seeking declaratory relief under N.J.S.A. 2A:16-53 and 42 U.S.C.A. § 1983. Specifically, plaintiffs sought a judicial declaration that Ordinance 941, § 368-15 violated Article I, Paragraph 1 of the New Jersey Constitution, as well as the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiffs also requested the court to issue a preliminary injunction staying the prosecution of the summonses and to "proceed summarily pursuant to [Rule] 4:42-3 and [Rule] 4:67."

In Count I of the verified complaint, plaintiffs alleged the enforcement of Ordinance 941, § 368-15 violated their substantive and procedural due process rights because the safety violations cited in the summonses were caused by the roots of trees planted and maintained by the Borough. Furthermore, plaintiffs do not own the sidewalks abutting their properties and thus should not be held legally responsible for their maintenance. In Count II, plaintiffs alleged Ordinance 941, § 368-15 was unconstitutionally

vague because "[t]here is no objective standard expressly stated, or incorporated by reference[,]" that provides a reasonably prudent person with the information necessary to determine "which sidewalks are safe and which are unsafe." Finally, plaintiffs alleged the Borough's Code Enforcement Official arbitrarily indicated that an elevation exceeding "one-half inch" constituted an unsafe sidewalk and then increased the boundary to three quarters of an inch without affording prior notice to the public.

The matter came before the Law Division on September 12, 2014. Following oral argument, the trial judge granted plaintiffs' application for a preliminary injunction and "vacated" the then pending municipal court summonses. The trial judge selected October 23, 2014 as the date to conduct "a hearing for final injunctive relief[.]" Quoting our decision in Betancourt v. Town of W. New York, 338 N.J. Super. 415, 422 (App. Div. 2001) (citation omitted), the judge noted: "[A]n ordinance that contains language that is so imprecise that it cannot be understood by persons of ordinary intelligence does not give fair notice [of] the acts which it forbids and[,] therefore[,] denies due process."

The judge provided the following summary of plaintiffs' legal position as a basis for his decision to enjoin the Borough from enforcing the ordinance:

> Plaintiffs argue that the [c]ourt could enjoin, or rather should enjoin defendant from

enforcing the ordinance because the ordinance provides no objective criteria against which a homeowner can evaluate whether he has minimized any endangerment presented by a sidewalk abutting his property, nor is any such standard in another source incorporated by reference.

The residents, based on what the [c]ourt has before it, cannot have a clear idea of how much unevenness is allowed and the circumstances under which they will be required to replace those slabs. . . . [T]he [c]ourt is aware also that the [c]ourt cannot substitute its judgment for that of the municipal governing body but rather must review the ordinance to determine whether its enactment was arbitrary, capricious, or unreasonable.

The standard for endangerment, the [c]ourt finds, is arbitrary. Accordingly, the [c]ourt . . . hereby [grants] temporary restraints with respect to the enforcement of this ordinance.

Shortly thereafter, plaintiffs' counsel filed an application seeking attorney's fees and costs pursuant to 42 U.S.C.A. § 1988(b) and Rule 4:42-9(a)(8). In response, the Borough argued plaintiffs were not entitled to counsel fees as a matter of law because the trial court's decision was not final and plaintiffs were therefore not a "prevailing party" in the litigation. According to the Borough, the court merely applied the well-established standards in Crowe v. De Gioia, 90 N.J. 126 (1982), to determine whether plaintiffs were entitled to preliminary injunctive relief.

In an order dated October 21, 2014, the trial judge denied plaintiffs' application "without prejudice[.]" In an oral opinion, the judge provided the following explanation for his ruling:

> [Plaintiffs' counsel's] application is premature. There has been no determination by this [c]ourt or a finder of fact that there has been a violation by the defendant of . . . 42 U.S.C.[A.] [§] 1983. And that case is [proceeding] through the Civil Division process in due course.
>
> [Plaintiffs' counsel's] claim for attorney['s] fees, again, is premature, and the [c]ourt would note that in Stockton v. Rhulen, [302 N.J. Super. 236 (App. Div. 1997) (citing Singer v. State, 95 N.J. 487 (1984), cert. denied, 469 U.S. 832, 105 S. Ct. 121, 83 L. Ed. 2d 64 (1984))], . . . [a] party was the prevailing party when they obtained substantially all of the relief they sought, a declaration that the statute was invalid[,] and an injunction against its enforcement[.]
>
> . . . .
>
> [Plaintiffs' counsel's] preliminary injunctive relief on behalf of Highland Park's residents[1] was not a vindication of the merits of his case. The [c]ourt specifically considered the state statute[2] that was being challenged, and the [c]ourt concluded that the same was constitutional. . . . What the [c]ourt did find, however, was that the . . . application of the statute [sic] was vague,

---

[1] Despite the judge's statement that plaintiffs' counsel obtained injunctive relief "on behalf of Highland Park's residents[,]" this case is not a class action.

[2] We believe the judge simply misspoke because plaintiffs did not challenge the constitutionality of a state statute.

based on the inconsistent notices that were being provided to the citizens with regard to whether or not their sidewalks were in violation of the ordinance.

Although the judge did not expressly apply the four-factor analysis the Supreme Court established in Crowe, supra, 90 N.J. at 132—34, when he enjoined the enforcement of the summonses issued against plaintiffs, it is clear to us that he implicitly applied these criteria to support his decision. Thus, the judge found plaintiffs had "a reasonable probability of ultimate success on the merits." Id. at 133 (citation omitted). The judge elaborated on this issue in his October 21, 2014 decision:

> So while the plaintiff[s] did obtain temporary injunctive relief with respect to [their] application to enjoin the [Borough] from issuing further violations and/or prosecuting those violations that were pending in the municipal court, the plaintiff[s] from a limited perspective prevailed in that respect. But that is not fee shifting with regard to the plaintiff[s'] prayer for relief. Respecting 42 U.S.C.[A.] [§] 1983, the [c]ourt finds that the application for attorney['s] fees is premature[,] as that . . . issue has not been yet determined in terms of whether or not there was such a violation, and therefore the motion for attorney['s] fees is hereby denied for the aforementioned reasons without prejudice.
>
> [(Emphasis added).]

We denied plaintiffs' motion for leave to appeal in an order dated December 29, 2014. Our order included supplemental language acknowledging that the Borough had repealed Ordinance 941, § 368-

following the trial court's October 21, 2014 order. In this light, we noted that "plaintiffs may move again before the trial court for attorney's fees and the trial court should consider whether plaintiffs have prevailed in this litigation in obtaining an injunction against enforcement of the ordinance and its subsequent amendment."

Following our suggestion, plaintiffs returned to the trial court with a new application for counsel fees, this time predicated on the "catalyst theory." Quoting from our decision in Stockton, supra, 302 N.J. Super. 236, plaintiffs argued that "'to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief' which 'at the time of the judgment or settlement . . . modif[ies] the defendant's behavior in a way that directly benefits the plaintiff.'" Id. at 241 (quoting Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494, 503 (1992)).[3] The Borough argued plaintiffs were not entitled to an award of counsel fees because the preliminary injunctive relief

_____

[3] The panel in Stockton relied in part on the United States Supreme Court's decision in Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989), in which Justice O'Connor wrote: "Congress cannot have meant 'prevailing party' status to depend entirely on the timing of a request for fees: A prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either pendente lite or at the conclusion of the litigation." Id. at 791, 109 S. Ct. at 1493, 103 L. Ed. 2d at 876.

the court granted was not based on 42 U.S.C.A. § 1983.  The Borough cited Sole v. Wyner, 551 U.S. 74, 127 S. Ct. 2188, 167 L. Ed. 2d 1069 (2007), for the proposition that securing preliminary injunctive relief does not in and of itself make a litigant a "prevailing party[.]"

On February 17, 2015, the trial judge entered an order granting in part and denying in part plaintiffs' motion for attorney's fees and costs.  The judge found:

> At no point during [the litigation] or in the wake of the order to show cause did the [c]ourt find a constitutional violation.  The [c]ourt sought to preliminarily take the decision making out of the hands of the code enforcement official so the case could proceed without fines racking up for the [B]orough's residents.
>
> The ordinance was always constitutional.  The exact language of the ordinance is non-controversial.  And Section 368-15 set forth[:] "It shall be the duty of any owner or occupant of lands within the borough to keep the sidewalk and curb abutting such lands maintained and properly repaired so as to minimize any endangerment to the public health, safety, and welfare of any individuals using the sidewalks[.]"

However, the judge found the Borough's decision to repeal Ordinance 941, § 368-15 was based on "plaintiffs' consistent advocacy."  Relying on this court's decision in D. Russo, Inc. v. Twp. of Union, 417 N.J. Super. 384 (App. Div. 2010), certif. denied, 206 N.J. 328 (2011), the judge found "unsupported[]" the

Borough's argument that plaintiffs were not "a catalyst for the recent amendments to the sidewalk ordinance[.]" The judge also cited our Supreme Court's decision in Mason, supra, 196 N.J. at 51, to conclude that plaintiffs were a "prevailing party" under the catalyst theory:

> The record further suggests that the change in the ordinance, whether required by this . . . [c]ourt or not, would not have occurred but for plaintiffs' lawsuit. Furthermore, while the plaintiff[s] [are] a prevailing party under the catalyst theory, plaintiff[s] [are] still only entitled to a reasonable attorney's fee and cost under the statute. The [c]ourt's decision takes into consideration the plaintiffs' impact, the skill and complexity of the case, and the ultimate results received as a result of the litigation.

The judge granted plaintiffs $11,362.50 in counsel fees and $568 in costs. Although the Borough argued against an award of any counsel fees, it did not object to the amount of fees awarded by the court. According to plaintiffs' counsel, the fees awarded by the trial court constituted 30.3 of the 240 billable hours recorded for the underlying action. The judge found the following items and hours spent were unreasonable: (1) sixty hours drafting the complaint and brief; (2) twelve hours drafting and reviewing OPRA documents; (3) seventy-one hours researching and writing the application for the fee award; (4) four to five hours photographing the sidewalk; (5) two hours surveying the addresses of downed

trees; (6) an unspecified amount of time writing ten letters to the trial court; and (7) five hours speaking with clients prior to drafting the verified complaint.

## II

We start our legal analysis by addressing the Borough's argument on cross-appeal. The Borough argues plaintiffs cannot be a prevailing party under 42 U.S.C.A. § 1983 because the trial judge did not make "a final determination on the merits holding that defendants engaged in any constitutional violations." We disagree. Plaintiffs do not need a final determination on the merits to be considered "a prevailing party" under the catalyst theory. Indeed, we addressed this precise issue in D. Russo, Inc., supra, 417 N.J. Super. at 384. Writing for the panel, our colleague Judge Skillman noted:

> Our courts . . . have recognized that success in obtaining preliminary injunctive relief may provide a sufficient foundation for an award of the attorney's fees under a fee-shifting statute even though the case became moot before a final adjudication.
>
> . . . .
>
> In the absence of a judgment or enforceable consent decree, the catalyst theory entitles a plaintiff to an award of attorney's fees if it "can demonstrate: (1) 'a factual causal nexus between plaintiff's litigation and the relief ultimately achieved'; and (2) 'that the relief ultimately secured by plaintiffs had a basis in law.'"

[<u>Id.</u> at 389—90 (citations omitted).]

Here, the trial judge found an explicit causal nexus between plaintiffs' lawsuit and the Borough's decision to repeal Ordinance 941, § 368-15. The judge made specific findings concerning the second prong of the catalyst theory when he preliminarily enjoined the ordinance's enforcement. As we previously noted, the four-prong analysis the judge was required to follow included an assessment of whether the underlying claim had "a reasonable probability of success on the merits." <u>Crowe</u>, <u>supra</u>, 90 <u>N.J.</u> at 133 (citation omitted). The record shows the Borough viewed plaintiffs' claim in a similar light. Although the restraints issued by the judge applied only to the summonses issued against these four plaintiffs, the Borough voluntarily vacated all enforcement actions pending at the time, consisting of sixty individual summonses. More importantly, the judge's decision in support of the preliminary injunction is replete with examples of the ordinance's imprecision and vagueness.

Finally, we address plaintiffs' direct appeal challenging the amount of counsel fees awarded by the trial judge. As we emphasized above, the Borough did not oppose this aspect of plaintiffs' case before the trial court. Our Supreme Court has admonished that "a reviewing court will disturb a trial court's award of counsel fees 'only on the rarest of occasions, and then

13

only because of a clear abuse of discretion.'" <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 200 <u>N.J.</u> 372, 386 (2009) (quoting <u>Packard-Bamberger & Co., Inc. v. Collier</u>, 167 <u>N.J.</u> 427, 440 (2001)). An "abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" <u>Hisenaj v. Kuehner</u>, 194 <u>N.J.</u> 6, 20 (2008) (quoting <u>State v. Torres</u>, 183 <u>N.J.</u> 554, 572 (2005)), and occurs when the trial judge's "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Milne v. Goldenberg</u>, 428 <u>N.J. Super.</u> 184, 197 (App. Div. 2012) (quoting <u>Flagg v. Essex Cty. Prosecutor</u>, 171 <u>N.J.</u> 561, 571 (2002)).

A trial court determines an attorney's fee award by following the standard established by our Supreme Court in <u>Rendine v. Pantzer</u>, 141 <u>N.J.</u> 292 (1995). The analysis begins by determining the "lodestar[,]" which equals the "number of hours reasonably expended multiplied by a reasonable hourly rate." <u>Id.</u> at 334—35. To determine the lodestar, a trial court must first determine the reasonableness of the prevailing counsel's proposed rates by comparing them to the rates "'for similar services by lawyers of reasonably comparable skill, experience, and reputation[]'" in the community. <u>Id.</u> at 337 (quoting <u>Rode v. Dellarciprete</u>, 892 <u>F.</u>2d 1177, 1183 (3d Cir. 1990)). The next step requires the court to determine whether the time expended is equivalent to the amount

of time "competent counsel reasonably would have expended to achieve a comparable result[.]" Id. at 336. When calculating the lodestar, the court may exclude any excessive, redundant, and unnecessary hours spent on the case. Id. at 335—36 (citations omitted).

Once the lodestar is calculated, the trial court can then adjust the amount. Id. at 336. The amount can be decreased if the prevailing party achieved only limited success in relation to the relief sought, ibid., but the amount may be increased if the case was taken on a contingency basis. Id. at 340. Where appropriate, "contingency enhancements in fee-shifting cases ordinarily should range between five and fifty-percent of the lodestar fee, with the enhancement in typical contingency cases ranging between twenty and thirty-five percent of the lodestar." Id. at 343.

Here, the trial judge reduced the award of fees after carefully reviewing plaintiffs' counsel's timesheets and the description of the work plaintiffs' counsel performed. The judge used his discretionary authority to reduce or outright disallow time that he found excessive or not commensurate to the tasks described. The judge accepted plaintiffs' counsel's $425 hourly rate as reasonable. The Borough did not challenge the court's lodestar analysis or determination. As an appellate court, we see

no legally sustainable reason to question the trial judge's ultimate determination concerning the amount of fees awarded.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION