**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0940-19T1

ANELLO FENCE, LLC,

    Plaintiff-Respondent,

v.

SAM PORFIDO,

    Defendant-Appellant.

_____

Submitted October 21, 2020 – Decided   November 9, 2020

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-001106-19.

Pinilis Halpern, LLP, attorney for appellant (William J. Pinilis, on the brief).

Respondent did not file a brief.

PER CURIAM

Defendant Sam Porfido appeals from an October 23, 2019 order denying his application for an award of attorney's fees under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -20. We reverse and remand.

In this breach of contract case, plaintiff Anello Fence, LLC filed a complaint in the Special Civil Part against defendant. The complaint alleged that, after the parties entered into a written contract to supply and install a fence with an arbor, defendant failed to make the last installment payment in the amount of $1400. Defendant filed a counterclaim alleging that plaintiff violated the CFA by failing to comply with the N.J.A.C. 13:45A-16.2(a)(12)(ii), which requires that all home improvement contracts contain a "description of the work to be done and the principal products and materials to be used or installed in performance of the contract." Defendant alleged that the failure to comply with this regulatory requirement was a per se violation of the CFA and caused defendant to suffer an ascertainable loss.

Defendant contended that he chose a specific fence and arbor, but plaintiff installed the wrong arbor. Despite instructions by plaintiff not to do so, its employees cemented the arbor to the ground. This led to plaintiff cutting off the top of the arbor so that it could be replaced with the correct top. This resulted in the height clearance under the arbor being only sixty-eight inches, which was unacceptable to defendant. Plaintiff refused defendant's demands to correct the

problem. Defendant then contracted with a mason and fence company to repair damage to the walkway and the fence. The counterclaim sought trebled compensatory damages and attorney's fees and costs.

Following discovery, the case was scheduled for trial in April 2019. After plaintiff called its first witness, the trial adjourned and was scheduled to resume on April 22, 2019. On that day, before testimony resumed, the parties appeared in court and through counsel confirmed that the case was settled. The terms of the settlement agreement required plaintiff to refund the sum of $1400 to defendant and to pick up the arbor from defendant's property within two weeks. Defendant claims that amount represented his full out-of-pocket damages before calculating trebled damages. Defendant's counsel expressly reserved the right to move for attorney's fees, which plaintiff had the right to contest. Both parties acknowledged on the record that they understood and agreed to the terms of the settlement. The court stated that the motion would be handled "on the papers."

Defense counsel subsequently moved for an award of fees and costs as contemplated under the terms of the settlement. The motion sought an award of $11,350, calculated at the rate of $500 per hour. The trial court issued a written statement of reasons and order that denied the motion after summarily concluding that "defendant was not successful in pursuing his claim for a violation of CFA."

The court recognized the CFA authorized an award of attorney's fees to a successful CFA claimant. The court also recognized that "a settlement . . . reached in the midst of a trial involving a pending CFA claim that awards the party substantially the same relief sought in the original CFA claim is considered to render that party as the 'prevailing' party," citing Schmoll v. J.S. Hovnanian & Sons, LLC, 394 N.J. Super. 415, 418 (App. Div. 2007). Without stating any factual findings or providing any analysis, the court simply stated it found "that the defendant was not successful in pursuing his claim for a violation of [the] CFA and therefore does not award any counsel fee." This appeal followed.

Defendant argues: (1) the trial court erred in finding that defendant was not successful on his CFA claim where the parties settled in the midst of trial and defendant obtained the relief he sought under the CFA; (2) defendant is entitled to a contingent fee enhancement of the lodestar; and (3) defendant is entitled to an award of appellate fees and costs.

Normally, the decision to award attorney's fees is discretionary, and appellate courts apply an abuse-of-discretion standard of review. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (citing Rendine v. Pantzer, 141 N.J. 292, 317 (1995)); see also Jacobs v. Mark Lindsay & Son Plumbing & Heating, 458 N.J. Super. 194, 206 (App. Div. 2019). The court "will disturb a trial court's determination on counsel fees only on the rarest occasion, and then only

A-0940-19T1

because of [a] clear abuse of discretion." Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011) (citations and internal quotation marks omitted). A court has abused its discretion "if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). However, we review conclusions of law de novo. S.D. v. M.J.R., 415 N.J. Super. 417, 430 (App. Div. 2010) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The CFA affords "relief to consumers from 'fraudulent practices in the market place.'" Lee v. Carter-Reed Co., 203 N.J. 496, 521 (2010) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 11 (2004)). "[L]ike most remedial legislation, the [CFA] should be construed liberally in favor of consumers." Cox v. Sears Roebuck & Co., 138 N.J. 2, 15 (1994).

"To violate the Act, a person must commit an 'unlawful practice' as defined in the legislation." Id. at 17. "An 'unlawful practice' contravening the CFA may arise from (1) an affirmative act; (2) a knowing omission; or (3) a violation of an administrative regulation." Dugan v. TGI Fridays, Inc., 231 N.J. 24, 51 (2017). A plaintiff is not required to show intent where the claimed consumer-fraud violation is a regulatory violation. Ibid. (citations omitted). "In those instances, intent is not

an element of the unlawful practice, and the regulations impose strict liability for such violations." Cox, 138 N.J. at 18 (citing Fenwick v. Kay Am. Jeep, Inc., 72 N.J. 372, 376 (1977)). Moreover, "the [CFA] makes no distinction between 'technical' violations and more 'substantive' ones." BJM Insulation & Const. v. Evans, 287 N.J. Super. 513, 518 (App. Div. 1996).

A plaintiff successfully alleging consumer-fraud violations is entitled to treble damages for losses resulting from those violations,[1] as well as the "award [of] reasonable attorneys' fees, filing fees and reasonable costs of suit." N.J.S.A. 56:8-19. These two remedies, treble damages and attorney's fees, are independent of each other. Roberts v. Cowgill, 316 N.J. Super. 33, 45 (App. Div. 1998).

Defendant principally relies on Cox. In Cox, the Court held that "a consumer-fraud plaintiff can recover reasonable attorneys' fees, filing fees, and costs if that plaintiff can prove that the defendant committed an unlawful practice, even if the victim cannot show any ascertainable loss and thus cannot recover treble damages." 138 N.J. at 24 (citing Performance Leasing Corp. v. Irwin Lincoln-Mercury, 262 N.J. Super. 23, 33-34 (1993)).

Less than a decade later, the Court held that "a plaintiff, who pleads but cannot survive a motion for summary judgment in respect of the issue of

---

[1] Defendant does not challenge the trial judge's failure to award treble damages. He only challenges the denial of an award of attorney's fees and costs.

ascertainable loss, may [not] proceed with [their] remaining claims for injunctive relief and attorney's fees under the Act." Weinberg v. Sprint Corp., 173 N.J. 233, 253 (2002). A plaintiff must demonstrate a "bona fide claim of ascertainable loss [relating to the CFA violation] that raises a genuine issue of fact requiring resolution by the factfinder" to trigger the fee-shifting provision of the CFA, "even if the plaintiff ultimately loses on his damage claim but does prove an unlawful practice under the [CFA]." Ibid.

Subsequently, in Perez v. Pro. Green, LLC, the Court held that a plaintiff cannot be awarded attorney's fees where the defendant successfully moves for involuntary dismissal of a plaintiff's ascertainable loss claim after plaintiff's proofs at trial. 215 N.J. 388, 392-93 (2013).

On the other hand, if the CFA claimant establishes an unlawful practice and the issue of ascertainable loss reaches the trier of fact, the claim is considered bona fide for purposes of the CFA, triggering the fee-shifting provision of the CFA, even if the claimant ultimately loses on the damage claim. Sema v. Automall 46, Inc., 384 N.J. Super. 145, 151 (App. Div. 2006) (citations omitted).

The plain language of the CFA authorizes the award of attorney's fees for both plaintiffs and counterclaimants. See N.J.S.A. 56:8-19 ("Any person who suffers any ascertainable loss . . . as a result of . . . any method, act, or practice

declared unlawful . . . may bring an action or assert a counterclaim therefor in any court of competent jurisdiction.").

Here, plaintiff had not prevented the factfinder from considering the issue of ascertainable loss by way of a successful motion for summary judgment or involuntary dismissal. That issue was still pending when the settlement was reached in the midst of the trial.

In Schmoll, the plaintiffs abandoned their damage claims and sought only injunctive relief. 394 N.J. Super. at 416. Before a bench trial was held, the defendant unsuccessfully moved for summary judgment to dismiss all of the plaintiffs' claims. Ibid. After three days of trial but before the plaintiffs rested, the parties entered into a settlement which provided the injunctive relief sought and expressly contemplated an application for attorney's fees. Id. at 417. The trial court later determined that the plaintiffs were entitled to counsel fees as prevailing parties on their CFA claim. Ibid.

On appeal, the defendant in Schmoll argued that the fee shifting provision of the CFA was not triggered because the plaintiffs were not the prevailing party and because the defendant's conduct did not constitute a CFA violation. Ibid. We disagreed and held that "adjudication of liability under a fee-shifting statute is not a prerequisite to fee entitlement under that statute so long as the relief obtained in a settlement of the litigation is substantially that sought in the complaint, is

evidenced by an enforceable judgment, and was brought about by the litigation." Id. at 417-18. We noted that the trial court was not required to resume "the trial after approval of a binding settlement[] to make a definitive CFA determination." Id. at 420. We explained that the parties "achieved finality on the underlying claim" through settlement, "and each side expressly accepted the risk of success or failure on the counsel fee issue as a consequence of the settlement." Ibid.

Here, the terms of the settlement were clear. Plaintiff agreed to refund $1400 to defendant within two weeks. Plaintiff would then pick up the unused arbor from defendant's property. Plaintiff "entered into the settlement [knowing] it [agreed] to provide the relief" defendant "sought in their live CFA claim and that [defendant] would seek a counsel fee" under the "CFA's fee-shifting provision." Id. at 420. Defendant contends the amount of the settlement "represented the full out-of-pocket loss [defendant] incurred . . . in hiring a third-party contractor to install a new arbor." Under these circumstances, settlement of the case before adjudication of defendant's claim CFA claim is not fatal to defendant's request for attorney's fees because "adjudication of liability . . . is not a prerequisite to fee entitlement under [the CFA]." Id. at 417. As in Schmoll, the parties "achieved finality on the underlying claim[s], and each side expressly accepted the risk of success or failure on the counsel fee issue as a consequence of the settlement." Id. at 420. "Parties are always free to preserve any claim they

might have pursuant to a court rule or otherwise when settling a case . . . but they must clearly state that intention at the time of the settlement." Serico v. Rothberg, 448 N.J. Super. 604, 615-16 (App. Div. 2017) (citations omitted). Here, the parties did just that. Defendant's right to pursue his claim for attorney's fees was preserved under the settlement agreement.

For purposes of determining whether defendant is a "prevailing party" eligible for an award of attorney's fees under a fee-shifting statute such as the CFA, a party "who is awarded some affirmative relief by way of an enforceable judgment against [the adverse party] or other comparable relief through a settlement or consent decree is a prevailing party." Tarr v. Ciasulli, 181 N.J. 70, 86-87 (2004). See also Szczepanski v. Newcomb Med. Ctr., 141 N.J. 346, 355 (1995) (defining "prevailing party"); Coleman v. Fiore Bros., Inc., 113 N.J. 594 (1989) (authorizing counsel fees in settlement of CFA claims); Schmoll, 394 N.J. Super. at 417-18 (same).

We find that defendant was a prevailing party on his CFA claim. He obtained affirmative relief against plaintiff through an enforceable settlement, and thereby succeeded on a significant issue in the litigation by achieving a substantial aspect of what he sought in his counterclaim. The settlement was reached in the midst of the trial. The terms of the settlement expressly contemplated an application by defendant's counsel for attorney's fees. Plaintiff "entered into the

settlement with full knowledge" that defendant "would seek a counsel fee award based on the CFA's fee-shifting provision." Schmoll, 394 N.J. Super. at 420. Consequently, defendant is entitled to recover "reasonable attorneys' fees, filing fees and reasonable costs of suit" pursuant to N.J.S.A. 56:8-19. The denial of defendant's application for fees and costs was error.

We reverse the denial of defendant's motion and remand for the trial court to award defendant reasonable attorney's fees and costs based on the motion record as augmented. In rendering its counsel fee decision, the trial court shall comply with Rule 1:7-4(a) "and clearly set forth [its] reasons for the exercise of discretion." Scullion v. State Farm Ins. Co., 345 N.J. Super. 431, 439 (App. Div. 2001).

On remand, the court shall determine the lodestar, "the number of hours reasonably expended multiplied by a reasonable hourly rate." Rendine, 141 N.J. at 335. "There are four considerations in setting the lodestar." Heyert v. Taddese, 431 N.J. Super. 388, 443 (App. Div. 2013). "The first is the reasonableness of the attorney's fee, evaluated under the factors set forth in RPC 1.5(a)." Ibid. (citing Furst, 182 N.J. at 21-22). Next, "the court considers the reasonableness of the time billed by the attorney, since a party is not entitled to counsel fees for excessive and unnecessary hours." Id. at 444 (citing Furst, 182 N.J. at 22). "Third, the court determines whether the award should be decreased because the plaintiff 'achieved limited success in relation to the relief he had sought.'" Ibid. (quoting Furst, 182

N.J. at 23). Lastly, "the court must decide whether the attorney is entitled to a fee enhancement if the attorney worked under a contingency agreement." Ibid. (citing Furst, 182 N.J. at 23). The resulting fee award is not subject to the $15,000 jurisdictional limit of the District Court. See Lettenmaier v. Lube Connection, Inc., 162 N.J. 134, 144 (1999) ("[C]ounsel fees awarded under the [CFA] . . . are excluded from the calculation of the jurisdictional limit of the Special Civil Part.").

Defendant's counsel contends he is entitled to a contingency enhancement because he "took this case on a contingent fee" and assumed "a significant risk" that he "would not receive payment for [his] efforts." We leave it to the sound discretion of the trial court to determine if defendant's counsel is entitled to a fee enhancement. "In determining and calculating a fee enhancement, the court should consider the result achieved, the risks involved, and the relative likelihood of success in the undertaking." Furst, 182 N.J. at 23 (citing Rendine, 141 N.J. at 340-41). If the court finds the motion record lacks sufficient information to adequately assess whether defendant's counsel is entitled to a fee enhancement, it may direct the parties to provide additional submissions. We express no opinion on the appropriate amount of fees.

Defendant also argues that he should be awarded appellate legal fees. Appellate counsel fees may be awarded by this court in its discretion in actions in which an award of counsel fees is permitted by Rule 4:42-9(a). R. 2:11-4(a).

Defendant's informal request for an award of fees and costs associated with this appeal is premature. See R. 2:11-4 (requiring that an application for attorney's fees be filed "within [ten] days after the determination of the appeal."); Bandler v. Melillo, 443 N.J. Super. 203, 212 n.5 (App. Div. 2015). Defendant has not moved for appellate counsel fees, supported by affidavits or certifications as prescribed by Rule 2:11-4. See Tahan v. Duquette, 259 N.J. Super. 328, 336 (App. Div. 1992). Therefore, we decline to address defendant's request in this opinion. See Bandler, 443 N.J. Super. at 212 n.5. Defendant may file and serve a timely, fully supported motion for an award of fees in accordance with the rule.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0940-19T1